## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff-Appellee*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CR-119-XR |
| | § | |
| REYNOLDO GONZALES, | § | |
| | § | |
| *Defendant-Appellant*. | § | |

## ORDER

On this date, the Court considered Reynoldo Gonzales' appeal from his conviction for assault by "striking, beating, or wounding" under 18 U.S.C. § 113(a)(4).  After careful consideration, the Court AFFIRMS the conviction.

### Background

Reynoldo Gonzales, hereinafter "Appellant", was married to the Complainant, Jessica Gonzales.  They had two children together: Megan Gonzales (Age 10) and Rey Lewis Gonzales (Age 7).[1]  The parties separated in 2004.[2] The Atascosa County District Court rendered a child support order and visitation order on April 19, 2005.[3]  The parties briefly reconciled, but separated again in April 2009.[4]

---

[1] Docket Entry No. 9 at 3.

[2] *Id.*

[3] *Id.*

[4] *Id.*

1

On July 4, 2009, Complainant arrived at Appellant's home to visit her children, who at that time resided with Appellant.[5]   The child support order at issue is a standard possession order indicating that Appellant was entitled to exclusive possession of the children on the first, third, and fifth weekends of every month, from Friday at 6:00 p.m. until Sunday at 6:00 pm.[6]   During periods of summer vacation from school, Appellant was also entitled to exclusive possession of the children, from 6:00 p.m. on July 1, 2009 until 6:00 p.m. on July 31, 2009.[7]   When Complainant arrived at Appellant's home, the parties' son entered her car and Complainant drove off.

On July 4, 2009, Appellant drove to the home of Complainant's brother on Fort Sam Houston Military Post to retrieve his son.[8]   When Complainant and the son arrived at Fort Sam Houston where Appellant was waiting, Appellant approached his son, grabbed his hand, and began leading him in the direction of Appellant's vehicle.[9]   Complainant attempted to stop Appellant by pushing him on the shoulder.   Appellant responded by pushing Complainant against the vehicle located behind her. This impact left a dent in the rear panel of the vehicle.[10]   No further physical contact occurred between Appellant and Complainant.   Appellant attempted to walk away.[11]

Complainant's brother, Isaac Frias, approached Appellant and physically restrained him.

---

[5] *Id*. at 4.

[6] Docket Entry No. 7 at 15-16.

[7] *Id.*

[8] Docket Entry No. 9 at 4.

[9] *Id.*

[10] *Id*.

[11] *Id.*

Complainant continued to try to separate Appellant from the parties' son.[12]  Appellant and Mr. Frias physically fought for a period of time until military personnel separated them.[13]  Appellant sustained injuries requiring medical treatment as a result of the physical altercation.

Appellant was charged by the Government with a violation of 18 U.S.C. §113(a)(4), "assaulting by beating, striking or wounding."  The parties consented to trial by the United States Magistrate Court.  The Appellant was convicted of a violation of 18 U.S.C. §113(a)(4), and sentenced to three (3) months in federal prison.  Appellant appealed this sentence to this Court on February 12, 2009.

## Analysis

### A.  Sufficiency of the Evidence

Appellant argues that there was insufficient evidence to convict him of the crime charged. He argues that he should have been charged under 18 U.S.C. §113(a)(5), which prohibits "simple assault," rather than under 18 U.S.C. §113(a)(4), which prohibits assault by "striking, beating, or wounding."[14]  He also argues that his conduct was justified by self-defense or the doctrine of necessity.

### 1.  Standard of Review

This Court reviews the Appellant's claims *de novo*.  *United States v. Henriques*, 234 F.3d 263, 265 (5th Cir. 2000) (standard of review for sufficiency claims).  The sufficiency of the evidence, and all reasonable inferences that can be drawn from it, are reviewed in the light most favorable to the

---

[12] *Id*. at 5.

[13] *Id.*

[14] *Id*. at 7-9.

verdict. *United States v. Mathes*, 151 F.3d 251, 252 (5th Cir. 1998). The question before the Court is whether a rational fact finder could readily have found Gonzales guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

**2. Was the Conduct of Appellant Proscribed Under 18 U.S.C. §113(a)(4)?**

Appellant argues that there was insufficient evidence to convict him under 18 U.S.C. §113(a)(4), which prohibits assault by "striking, beating, or wounding."[15] Appellant argues that this should be distinguished from assault as defined under 18 U.S.C. §113(a)(5), which prohibits "simple assault." The assault at issue in this case was a push or a shove.

18 U.S.C. §113(a)(4) provides the following:

"Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows: assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than six months, or both."

18 U.S.C. §113(a)(4). The statute similarly criminalizes "simple assault, by a fine under this title or imprisonment for not more than six months, or both." 18 U.S.C. §113(a)(5). In the present case Appellant was charged with assault by "striking, beating, or wounding" under 18 U.S.C. §113(a)(4).[16] Appellant challenges the sufficiency of the evidence for conviction beyond a reasonable doubt under this statute, since the conduct he engaged in was not "striking, beating, or wounding," but rather a push or shove.

The essence of Appellant's argument rests on the definition of simple assault as distinct from assault by striking, beating, or wounding. In the present case, the Appellant was charged with "assault

---

[15] *Id*. at 7-9.

[16] Information at 1.

by striking, beating, and wounding Jessica Gonzales, in violation of Title 18, United States Code, Section 113(a)(4)."  A defendant has the right to be tried solely on the allegations contained in the indictment against him.  *Stirone v. United States*, 361 U.S. 212, 215-18 (1960).

The United States Court of Appeals for the Fifth Circuit has not addressed the definition of "striking, beating, or wounding" as stated by 18 U.S.C. § 113(a)(4).  In *United States v. Estrada-Fernandez*, 150 F.3d 491, 494-95 (5th Cir. 1998), the Fifth Circuit held that to prove an assault by "striking, beating, or wounding," the government must prove that the defendant made physical contact with the victim.  "Assault by striking, beating, or wounding under 18 U.S.C. §113(a)(4)... requires a physical touching and is the equivalent of simple battery."  *Estrada-Fernandez*, 150 F.3d at 495. In reaching this holding, the Court adopted  the reasoning of the Eleventh Circuit, which held that this type of assault does not require a particular degree of severity in the injury nor the specific intent that characterizes more serious types of assault.  *United States v. Guilbert*, 692 F.2d 1340, 1343-44 (11th Cir. 1982).

The Fifth Circuit also addressed the definition of simple assault in the context of 18 U.S.C. § 111, a federal statute which prohibits assault of a federal officer.  In *United States v. Ramirez*, 233 F.3d 318 (2000) (*overruled on other grounds by United States v. Cotton*, 535 U.S. 625, 629-31 (2002)), the Fifth Circuit interpreted 18 U.S.C. § 111 to create three separate offenses:  (1) simple assault; (2) more serious assaults but not involving a dangerous weapon; and (3) assault with a dangerous weapon.  "It is a well established principle of statutory construction that Congress intends to adopt the common-law meaning of statutory terms, absent contrary indications."  *Ramirez*, 233 F.3d at 321 (*citing United States v. Shabani*, 513 U.S. 10, 13 (1994)).  The Fifth Circuit in *Ramirez* found that at common law, "simple assault" was an "attempted battery" or the "placing of another in

5

reasonable apprehension of a battery." *Id.*; *United States v. Williams*, 602 F.3d 313, 316 (2010); *see* LaFave & Scott, *Substantive Criminal Law* § 7.16 (1986).  Thus, at common law, "simple assault" need not involve any physical contact.  *Ramirez*, 233 F.3d at 322.

Appellant argues that the Court should follow the Second Circuit's analysis in *United States v. Delis*, 558 F.3d 177, 181 (2009) to interpret the difference between the two statutes.  The Second Circuit found that, at common law, "a battery has generally been considered to constitute the successful completion of, and therefore necessarily to include, an assault."  *Id*.  Since the common law definition of assault and battery were often used interchangeably, the Second Circuit found that a "simple assault" under 18 U.S.C. § 113(a)(5) necessarily included a completed common law battery. *Id*.  The Second Circuit went on to say that 18 U.S.C. § 113(a)(4) plainly included some forms of battery, however, the section:

> is restricted by its language to conduct involving particular acts of violence, specifically 'striking, beating, or wounding.' (citations omitted).  As a result, it does not reach a wide variety of conduct traditionally encompassed within the definition of common-law battery, such as grappling, shoving, wrestling, offensive touching, or more subtle conduct such as poisoning, and therefore § 113(a)(4) is more reasonably interpreted as further proscribing a subset of the conduct also criminalized by § 113(a)(5).

*Delis*, 558 F.3d at 181-82.  The Second Circuit noted that although this distinction might appear superfluous, when the statute was originally enacted, the prohibition of assault by striking, beating, or wounding carried a heavier punishment.  *Id*. at 182.  Other circuit courts have considered the issue and concluded that simple assault encompasses completed common law battery.  *See United States v. Lewellyn*, 481 F.3d 695, 697-99 (9th Cir. 2007); *United States v. Whitefeather*, 275 F.3d 741, 742-43 (8th Cir. 2002); *United States v. Bayes*, 210 F.3d 64, 68-69 (1st Cir. 2000); *United States v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999).

When interpreting a statute, the Court must look to the plain language of the statute, absent a clearly expressed legislative intention to the contrary. *Oliver v. U.S. Postal Service*, 696 F.2d 1129, 1131 (5th Cir. 1983). "Simple assault" as used in 18 U.S.C. § 113(a)(5) was clearly intended to encompass the common law definition of assault, defined above as "attempted battery" or the "placing of another in reasonable apprehension of a battery." In addition, "simple assault" includes common law battery, since a battery is in fact a consummated assault. Restatement (Second) of Torts § 21 cmt. c (1965).

"Assault" as defined in 18 U.S.C. § 113(a)(4) also clearly includes the common law definition of assault. The type of assault criminalized under this statute requires physical contact with the victim and is equivalent to simple battery. *Estrada-Fernandez*, 150 F.3d at 495. The plain language of the statute, however, requires that the physical contact be of a specific type, such as "striking, beating, or wounding." According to the evidence presented through testimony and affidavit in this case, Ms. Gonzales suffered no injuries as a result of the assault. Thus, the assault could not be classified as physical contact by wounding. Further, the assault in question could hardly be characterized as a "beating."

The Court is left, then, to determine whether a push or shove is included in the definition of "striking." "Strike" is defined as "to aim and usually deliver a blow, stroke, or thrust (as with the hand, a weapon, or tool)" or "to come into contact forcefully." *Mirriam-Webster's Collegiate Dictionary* (11th ed. 2010). "Thrust" is defined as "to push or drive with force." *Id*. The uncontroverted evidence in this case indicates that the Appellant pushed Ms. Gonzales against a vehicle, which action falls within the definition of "striking". While the Second Circuit case law is persuasive, it is not binding on this Court. Therefore, the Court concludes that a rational fact finder

could have found the Appellant guilty under 18 U.S.C. § 113(a)(4).

## 2. Was Appellant's Conduct Justified by the Doctrine of Self-Defense?

Appellant argues that his conduct in pushing Ms. Gonzales was justified by self-defense.[17] During trial, Ms.Gonzales testified that she pushed the Appellant in the shoulder or back first, thus instigating the Appellant's push.

Self-defense is an affirmative defense, and a defendant bears the initial burden of production. *United States v. Branch*, 91 F.3d 699, 714 (5th Cir. 1996). Once the defendant has satisfied his burden of production, the burden shifts to the government to negate self-defense beyond a reasonable doubt. *Id.* Although Ms. Gonzales appears to have pushed Appellant first, it does not appear from the evidence that, at that time, a physical use of force was necessary to defend himself from further use of force by Ms. Gonzales. If Appellant had used physical force to prevent being repeatedly pushed by Ms. Gonzales, or to prevent the attack by Mr. Frias, then the application of the doctrine of self-defense might be appropriate. However, Appellant was not prevented in any way from continuing to walk away from Ms. Gonzales after she pushed him and the attack by Mr. Frias is not at issue here. Even assuming that the Appellant satisfied his burden of production, reviewing the evidence in a light most favorable to the verdict, the Magistrate Judge could readily have found Gonzales was not acting in self-defense.

## 3. Was the Assault Justified Under the Doctrine of Necessity?

The Appellant argues that his conduct was justified by the doctrine of necessity.[18] Appellant argued that he was entitled, under the circumstances, to break the law in order to prevent a greater

---

[17] Docket Entry No. 9 at 9.

[18] Docket Entry No. 9 at 13.

harm from occurring.

The defense of necessity allows for "the situation where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils." *United States v. Bailey*, 444 U.S. 394, 410 (1980). The defense is designed to spare a person from punishment if he "reasonably believed that criminal action was necessary to avoid a harm more serious than that sought to be prevented by the statute defining the offense." *Id.* However, if there was a "reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' the defense will fail. *Id.* (citations omitted). In the present case, the Appellant argues that he was forced to violate the law and assault the victim to prevent the greater harm of his parental rights of possession being violated.[19] However, as the Government points out, there were multiple, legal alternatives available to the Appellant in preserving his right to custody of the child. Appellant's legal remedy is in the courts, and Appellant cannot be permitted to take the law into his own hands to enforce child custody orders. Because the Appellant had a legal alternative to breaking the law, his conduct was not justified by the doctrine of necessity.

**B.  Admissibility of the Custody Order**

The Magistrate Judge excluded the custody order in place between the parties because it was not relevant to the issue of the assault, the particular offense charged. The Appellant argues that the custody order should have been considered to show Appellant's intent in arriving at the location of the altercation, the initiation of the confrontation by the victim, and the fact that Appellant was entitled to custody of his son on the day in question.

---

[19] Docket Entry No. 9 at 14-15.

**1.  Standard of Review**

A Magistrate Judge's decision to exclude evidence at trial is subject to a review for abuse of discretion.  *United States v. Anderson*, 933 F.2d 1261, 1267-68 (5th Cir. 1991).  However, there is a heightened review of evidentiary rulings in criminal trials.  *Id*. at 1268.  Evidence in criminal trials must be strictly related to the particular offense charged.  *Id.*

**2.  Did the Judge Err in Excluding the Custody Order From Evidence?**

The failure of the Magistrate Judge to admit the custody order is not an abuse of discretion because the custody order is not strictly related to the assault of the victim.  *Anderson*, 933 F.2d at 1268.  Further, even if the Magistrate Judge's exclusion of the custody order was error, that error is harmless.  Whether or not the Appellant intended to assault the victim when he arrived on the scene is irrelevant.  His intent to assault became clear at the moment he pushed the Complainant into the vehicle.  Appellant's intent to assault the victim was consummated when he made physical contact.  This fact is not contested by either party, and clearly shows that, regardless of his intent when he arrived on the scene, Appellant did commit the assault.

### III.  Conclusion

The conviction of the Appellant by the Magistrate Judge is AFFIRMED.  The Appellant's conduct was not permitted under the doctrine of self-defense, nor the doctrine of necessity.  The failure of the Magistrate Judge to admit the child custody order was not an abuse of discretion.

It is so ORDERED.

SIGNED this 16th day of November, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE